NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARQUICE D. GARRETT, Petitioner-Appellant, v. RAYMOND MADDEN, Warden, Respondent-Appellee. | No. 20-55578 D.C. No. 2:18-cv-09282-JFW-SHK MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted June 11, 2021**
Pasadena, California

Before: MURGUIA, BADE, and LEE, Circuit Judges.

Marquice Garrett appeals the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C.

§§ 1291 and 2253(a), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo a district court's denial of a habeas petition. *See Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). At the same time, our review is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a federal court may grant habeas relief only if the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under this standard, the state court's decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *See Harrington v. Richter*, 562 U.S. 86, 103 (2011). In applying this standard, federal courts look to the last reasoned state-court decision that finally resolves the claim at issue. *Wilson v. Seller*, 138 S. Ct. 1188, 1192 (2018). In circumstances where there is no reasoned decision at any level, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

Garrett was convicted in a California state court on three counts of home invasion robbery. The jury also found true a gang enhancement allegation which required the prosecution to prove that the crime Garrett committed was "for the

2

benefit of, at the direction of, or in association with" a criminal street gang. *See* Cal. Penal Code § 186.22(b)(1).

1. Garrett argues that under the facts presented, the prosecution could not prove the gang-enhancement allegation absent evidence linking Eddie Brodney McFadden, Garrett's co-defendant, to the Pasadena Denver Lane Bloods (PDLB) gang. He further argues that to establish this link, the prosecution relied on improper case-specific testimonial hearsay from expert witness Officer Jordan Ling in violation of his Sixth and Fourteenth Amendment rights to confront and cross-examine his accusers. Specifically, Garrett argues Officer Ling relied on "departmental resources" — including Field Identification Cards and police reports prepared by another officer — to identify McFadden as the son of "Denver Ed," who sat at the top of the PDLB gang hierarchy.

We find the state court's conclusion that any error was "harmless beyond a reasonable doubt" was not "contrary to," or based on "an unreasonable application of," "clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1). There was substantial independent evidence of McFadden's gang membership, including: (1) McFadden's opportunity and decision to commit robbery in concert with Garrett, a person the jury concluded was a PDLB member based on other uncontested evidence; (2) photographs of McFadden in the company of individuals making PDLB gang-related hand signs or wearing gang-related colors; and (3) Detective

3

David Duran's prior detention of McFadden in an apartment along with other individuals then known to Detective Duran as PDLB members.

Additionally, we find fair-minded jurists could disagree about whether admitting the challenged evidence violated clearly established federal law, especially given substantial ambiguity in this area. *See Williams v. Illinois*, 567 U.S. 50, 65 (2012) (noting the lack of clarity regarding what hearsay violates the Confrontation Clause "has resulted in a steady stream of new cases" to the U.S. Supreme Court); *id.* at 58 (casting reasonable doubt on Garrett's claim by noting out-of-court statements offered by an expert "solely for the purpose of explaining the assumptions on which that [expert's] opinion rests" "fall outside the scope of the Confrontation Clause"); *id.* at 84 (casting reasonable doubt on Garrett's claim because the Field Identification Cards at issue arguably were "not prepared for the primary purpose of accusing" Garrett, or McFadden, of wrongdoing); *see also id.* at 141 (Kagan, J., dissenting) ("What comes out [of *Williams*] . . . is—to be frank—who knows what.")

2. We also find Garrett's claim that Detective Duran *may* have relied on case-specific testimonial hearsay to identify certain individuals in a photograph as gang members is too speculative to warrant habeas relief. *See Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995). Detective Duran testified he had "multiple contacts" with each of the men he identified as gang members, and there is nothing in the

record to suggest he failed to learn of their gang membership through these interactions. Moreover, we find that given the gang-related hand signs displayed by individuals in this same photograph — as well as other independent evidence connecting McFadden to the PDLB gang — the state court could reasonably have denied relief on the basis of harmless error, as it did with the challenged testimony of Officer Ling. *See Richter*, 562 U.S. at 102.

3. Lastly, Garrett argues the evidence presented at trial was insufficient to support the jury's true finding on the gang enhancement allegation because even if co-defendant McFadden was shown to be a member of the PDLB gang, there was no evidence that the crime was committed "for the benefit of, at the direction of, or in association with" a criminal street gang. *See* Cal. Penal Code § 186.22(b)(1); *see also People v. Albillar*, 244 P.3d 1062, 1072 (Cal. 2010) (noting "it is conceivable that several gang members could commit a crime together, yet be on a frolic and detour unrelated to the gang") (citation omitted).

We find the state court could reasonably have concluded — especially when "viewing the evidence in the light most favorable to the prosecution" — that the evidence was sufficient to support a jury's true finding on the gang enhancement allegation. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). First, even after *Albillar*, evidence a defendant committed a crime in concert with fellow gang members is still evidence from which a jury may begin to infer — especially in

5

absence of evidence to the contrary — that a crime was committed in "association" with a gang. *See People v. Garcia*, 199 Cal. Rptr. 3d 399, 413–14 (Ct. App. 2016); *People v. Leon*, 197 Cal. Rptr. 3d 600, 614 (Ct. App. 2016). Second, one of the victims testified McFadden acted as a "ringleader" who told the other two men "what to do and they did it." This was evidence from which a jury could reasonably infer Garrett and McFadden "came together *as gang members*" because it could indicate the hierarchal nature of the gang was employed. *See Albillar*, 244 P.3d at 1072. Third, the jury was entitled to credit Officer Ling's expert opinion that the robbery was committed for the benefit of, at the direction of, or in association with the PDLB gang. *Cf. People v. Perez*, 226 Cal. Rptr. 3d 820, 830–33 (Ct. App. 2017).

**AFFIRMED.**